UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61422-BLOOM

J.J. RISSELL, ALLENTOWN PA, TRUST,

    Appellant,

v.

SPIRO MARCHELOS,

    Appellee.

_____/

## ORDER DISMISSING APPEAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. For the reasons set forth below, the Court determines that this appeal should be dismissed.

### I. BACKGROUND

This case involves an appeal from an order in an underlying bankruptcy proceeding pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq.* *See In re: Fisherman's Pier, Inc.*, Case No. 17-22819-RBR (the "Bankruptcy Case"). The following are the facts relevant to this appeal. On October 23, 2017, Fisherman's Pier, Inc. (the "Debtor"), represented by John A. Moffa and the firm of Moffa & Breuer, PLLC (collectively, the "Moffa Firm"), filed a Voluntary Petition under Chapter 11. *See* BK ECF No. [1].[1] Despite the Moffa Firm's representation of the Debtor, on January 26, 2018, the Moffa Firm filed a notice of appearance on behalf of the J.J. Rissell, Allentown PA, Trust, Dated January 11, 2018 (the "Shareholder Trust"). BK ECF No. [160].

---

[1] The Court will refer to docket entries in the Bankruptcy Case as "BK ECF," and docket entries in the instant appeal as "ECF."

On March 20, 2018, the Bankruptcy Court entered an amended order disqualifying the Moffa Firm from representing the Shareholder Trust at the same time as representing the Debtor. BK ECF No. [250]. On April 9, 2018, the bankruptcy court entered an order granting appellee's motion to disqualify the Moffa Firm from representing the Debtor. BK ECF No. [279]. On May 11, 2018, the Moffa Firm filed a motion to represent the Shareholder Trust due to a change in circumstances. BK ECF No. [297]. On December 14, 2017, the Bankruptcy Court denied the motion to represent the Shareholder Trust, finding that

> [a]lthough the [March 20, 2018] Order referenced a violation of Rule 4-1.7(a)(current client conflict) as the basis for which the Moffa Firm could not represent the Debtor and Shareholder Trust simultaneously in this case, the admissions made by the Moffa Firm and the findings made by the Court in the Order apply with equal force to deny the Moffa Firm's representation of the Shareholder Trust based on a former client conflict.

BK ECF No. [330] (the "December 14, 2017 Order").

In this appeal of the December 14, 2017 Order, Appellant argues that the Bankruptcy Court made factual errors by conflating the Jeffrey J. Rissell, Allentown PA, Trust, dated January 10, 2018, with the J.J. Rissell, Allentown PA, Trust, dated January 11, 2018, which led to the denial of the motion to represent the Shareholder Trust due to a change in circumstances. Appellant also argues that the Bankruptcy Court applied the incorrect standard for disqualification of counsel.[2]

## II. ANALYSIS

In the notice of appeal, ECF No. [1], Appellant asserts that the instant appeal is filed pursuant to 28 U.S.C. § 158(a)(1). The Court is obligated to consider jurisdiction "even if it

---

[2] Appellant also filed a separate appeal of an order from the underlying Bankruptcy Case approving a lease for a portion of the Debtor's property, which this Court dismissed as moot and for lack of jurisdiction. *See* Case No. 18-cv-61927-BB. In addition, Appellant has filed a separate appeal of the order confirming the First Amended Chapter 11 Plan of Reorganization in the Bankruptcy Case, which is currently pending before Judge Williams. *See* Case No. 18-cv-61945-KMW.

means raising the issue *sua sponte*." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (citing *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007)).

Pursuant to 28 U.S.C. § 158(a), the district courts have jurisdiction to hear appeals from final judgments and orders, and interlocutory orders of the bankruptcy judges, with prior leave of court. 28 U.S.C. § 158(a)(1),(3). While finality is a more flexible concept in bankruptcy, the increased flexibility "does not render appealable an order which does not finally dispose of a claim or adversary proceeding." *In re Donovan*, 532 F.3d at 1136. Indeed, to be final, "a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id*. at 1136-37 (quoting *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000)) (internal quotations omitted). "In short, the same concepts of finality apply in bankruptcy as in any other case, but they are applied to the discrete controversies within the administration of the estate; the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." *Id*. at 1137 (quoting *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (internal quotations omitted).

Upon review, the Court lacks jurisdiction to review the December 14, 2017 Order under § 158(a)(1) because the December 14, 2017 Order is not a final order of the Bankruptcy Court. "The majority of courts confronted with this issue have held that orders relating to the appointment or disqualification of counsel are not final in the bankruptcy context." *Brouwer v. Ancel & Dunlap (In re Firstmark Corp.)*, 46 F.3d 653, 658 (7th Cir. 1995) (collecting cases). Accordingly, this Court finds that the December 14, 2017 Order is not a final order.[3]

---

[3] Appellant asserts in a footnote of its Initial Brief, without any supporting case law, that the December 14, 2017 Order "also struck certain papers and pleadings, including an adversary proceeding and a competing plan and disclosure statement. The striking of those papers and pleadings also ended those particular controversies and thus, was final on those issues." ECF No. [19] at 1 n.1. Appellant's

Even though Appellant has not requested leave to file an interlocutory appeal, the Court may determine whether such an appeal would nevertheless be proper. *Aurelius Capital Master, Ltd. v. Tousa Inc.*, Nos. 08-61317-CIV, 08-61335-CIV, 2009 WL 6453077, at *14 (S.D. Fla. Feb. 6, 2009). Interlocutory review is generally disfavored for its piecemeal effect on cases. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive and, consequently, are generally disfavored.") (quotations omitted). However, a district court may grant interlocutory review of a bankruptcy order if the moving party demonstrates "that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006) (citing 28 U.S.C. § 1292(b)); *see In re Pac. Forest Prods. Corp.*, 335 B.R. 910, 919 (S.D. Fla. 2005). This "three-part standard is analogous to that set forth in 28 U.S.C. § 1292(b), which governs appeals from the district court to the circuit court of appeals." *In re Pac. Forest*, 335 B.R. at 919; *see In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995) (citing *In re Charter Co.*, 778 F.2d 617, 620 (11th Cir. 1985)) ("In determining when to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)."). "Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements." *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 824 (Bankr. S.D. Fla. 2007). Upon review, none of the three-part test is satisfied in this case.

---

argument is rejected because the Bankruptcy Court did not issue a final order as to those issues, but rather, struck the papers and pleadings as improperly filed by counsel that did not have the authority to represent the Shareholder Trust. BK ECF No. [330] at 9.

First, a controlling question of law "deals with a question of 'pure' law, or matters that can be decided 'quickly and cleanly without having to study the record.'" *In re Pac. Forest*, 335 B.R. at 919-20; *see McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (internal quotations omitted); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003). A question of law is "controlling" "only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *Samsung Semiconductor, Inc. v. AASI Liquidating Tr. ex rel. Welt*, No. 12-23707-CIV, 2013 WL 704775, at *5 (S.D. Fla. Feb. 26, 2013); *see McFarlin*, 381 F.3d at 1259 ("The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."). The answer to the question on appeal must also substantially reduce the amount of litigation that remains in the case. *McFarlin*, 381 F.3d at 1259. The Court is not convinced that this narrow appeal of a conflict of interest concerns a controlling question of law. As is evident from the factual disputes raised in Appellant's Initial Brief, the issue on appeal is not a question of pure law, nor would this Court be able make any ruling without engaging in an in depth review of the record. *See, e.g.*, ECF No. [19] at 12-14 (arguing Bankruptcy Court made factual errors).

Second, only "[i]f the court finds that a matter raises a controlling question of law ... must [a court] determine whether a substantial ground for difference of opinion exists as to that question." *Samsung Semiconductor, Inc.*, 2013 WL 704775, at *5. "To satisfy the second element, an appellant "must show that at least two courts interpret the relevant legal principle differently." *Figueroa*, 382 B.R at 824 (citing *In re Pac. Forest*, 335 B.R. at 919). Although the Court need not address this factor in light of its finding of the absence of a controlling question of law, the Court finds that there is no substantial ground for difference of opinion among courts.

The Court is aware of no disagreement between the courts regarding the conflict of interest issue presented here.

Third, "the text of § 1292(b) requires that resolution of a 'controlling question of law ... may materially advance the ultimate termination of the litigation.'" *McFarlin*, 381 F.3d 1251 at 1259. The Eleventh Circuit has explained that "[t]his is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Id.* Here, there is no indication that permitting Appellant to represent the Shareholder Trust would advance the termination of this litigation.

### III. CONCLUSION

Accordingly, this appeal is **DISMISSED** for lack of jurisdiction. Any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of October, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record