# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61422-BLOOM

J.J. RISSELL, ALLENTOWN PA, TRUST,

    Appellant,

v.

SPIRO MARCHELOS,

    Appellee.

_____/

## ORDER ON MOTION FOR REHEARING

**THIS CAUSE** is before the Court upon Appellant John Moffa's ("Appellant") Motion for Rehearing of Court's Order Dismissing Appeal, ECF No. [23] ("Motion"). Appellee Spiro Marchelos ("Appellee") filed his Response, ECF No. [27], to which Appellant filed its Reply, ECF No. [29]. The Court has carefully considered the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A detailed recitation of the relevant factual background is set forth in the Court's Order Dismissing Appeal, ECF No. [22] ("Order"). For purposes of the instant Motion, the necessary facts are limited. Appellant filed a notice of appeal of the Bankruptcy Court's underlying Order Denying Motion to Represent the J.J. Rissell, Allentown, P.A., Trust, Dated January 11, 2018 (the "Shareholder Trust"), Due to a Change in Circumstances, ECF No. [1] ("Denial Order"). Thereafter, upon *sua sponte* review of the record, the Court issued its Order dismissing the appeal for lack of jurisdiction, finding that the Denial Order is not a final order of the Bankruptcy

Court. Moreover, interlocutory review would be improper. Appellant now seeks rehearing of the Court's Order.

A motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). "Bankruptcy Rule 8022 (formerly 8015) is silent regarding the standard for granting a rehearing motion." *Tucker v. Mukamal*, Case No. 13-mc-23425-MARRA, 2015 WL 10986356, at *1 (S.D. Fla. Feb. 11, 2015). However, courts in the Eleventh Circuit have applied the same standard applicable to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. *Id.*; *see also In re Steffen*, 405 B.R. 486, 488 (M.D. Fla. 2009). A motion for reconsideration requests the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v.*

*Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).  A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Appellant argues that, contrary to the Court's determination in its Order, the Denial Order was final, disputing the Court's reliance upon *Brouwer v. Ancel & Dunlap (In re Firstmark Corp.)*, 46 F.3d 653, 658 (7th Cir. 1995).  Appellant also disagrees with the Court rejecting the argument that the Denial Order was final as to the Bankruptcy Court's striking certain filings made by counsel that did not have authority to represent the Shareholder Trust.  Upon review, however, the Court determines that Appellant's arguments for rehearing are improper. Appellant is merely disagreeing with the Court's Order, and has failed to indicate a point of law or fact that the Court misapprehended or overlooked.  Despite Appellant's arguments, he fails to point to authority in this District or from the Eleventh Circuit in which it was determined that an order regarding the appointment or disqualification of counsel is a final order of the bankruptcy court.

Accordingly, Appellant's Motion, **ECF No. [23]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record